UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERRARD CHARLEY,
    Plaintiff,

vs.                      Case No.:  3:24cv111/LAC/ZCB

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.
                                          /

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate of the Escambia County Jail proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On March 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, assessed an initial partial filing fee (IPFF) of $79.60, and ordered Plaintiff to pay the IPFF on or before April 15, 2024. (Doc. 4). The Court notified Plaintiff that failure to pay the IPFF may result in a recommendation of dismissal of the case. (*Id.* at 3).

Plaintiff did not pay the IPFF within the time allowed. Therefore, on April 24, 2024, the Court ordered Plaintiff to show cause, on or before May 8, 2024, why the case should not be dismissed for failure to comply with an order of the Court. (Doc. 5). The Court again notified Plaintiff

1

that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).

The Court sent the show cause order to Plaintiff at his record address, the Escambia County Jail. On May 18, 2024, the Jail returned the order to the Court labeled as "Return to Sender." (Doc. 6). The Clerk of Court was unable to find an alternative address on the Escambia County Jail's inmate locator. (*Id.*).

The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the IPFF, responded to the show cause order, or updated his address.[1] Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure

---

[1] When the Court received Plaintiff initial complaint on March 13, 2024, the Court sent Plaintiff a Notice to Pro Se Litigant instructing him that he was required to notify the Clerk's Office in writing of any change in his mailing address. (Doc. 3 at 2).

2

to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 28th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.